Kathy Angelia Locke appeals from the Marshall Circuit Court's summary judgment in favor of various defendants involved in the manufacture and distribution of latex gloves for health-care workers. We affirm in part, reverse in part, and remand.
On March 24, 1998, Locke, a nurse, sued 18 defendants involved in the manufacture and distribution of latex gloves for health-care workers, alleging claims based on strict liability under the Alabama Extended Manufacturer's Liability Doctrine, negligence, breach of implied and express warranties, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional misrepresentation, negligent misrepresentation, fraudulent concealment, and conspiracy. Locke alleged as her sole injury that she was "diagnosed with Type 1 latex allergy." The defendants answered Locke's complaint and joined in one motion *Page 251 
for a summary judgment, arguing that Locke's action was barred by the statute of limitations because, according to the defendants, she was diagnosed with a general allergy to latex in 1995 and did not file her action against them until 1998. The trial court agreed and entered a summary judgment in favor of all of the defendants as to all of Locke's claims. Locke now appeals the trial court's judgment insofar as it concerns Ansell Incorporated; Ansell Malaysia SDN. BHD.; and Tillotson Healthcare Corporation (hereinafter collectively referred to as "Ansell").[1]
Locke argues that the trial court erred in holding that her breach-of-implied-warranty claim against Ansell was time-barred. Specifically, Locke argues that the trial court erred in failing to apply the four-year statute of limitations to her breach-of-implied-warranty claim as provided in § 7-2-725, Ala. Code 1975. Instead, it appears that the trial court applied a two-year statute of limitations to all of Locke's claims, including her breach-of-implied-warranty claim.
At oral arguments for this case, the attorney for Ansell conceded that Locke was entitled to a four-year statute of limitations on her breach-of-implied-warranty claim, and agreed that the summary judgment was due to be reversed as to this issue.[2] Therefore, we reverse the trial court's summary judgment in favor of Ansell as to Locke's breach-of-implied-warranty claim, and we remand the case for further proceedings in accordance with this opinion.
After a review of the record and the arguments of the parties, we hold that the remainder of the trial court's judgment, insofar as it disposed of any other issues, was entered without an error of law and that a discussion of those issues would be of no precedential value. Therefore, we affirm all remaining aspects of the trial court's summary judgment.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
NABERS, C.J.,[3] and HOUSTON, SEE, LYONS, BROWN, JOHNSTONE, HARWOOD, WOODALL, and STUART, JJ., concur.
[1] The other 15 defendants in this case are no longer parties to this action.
[2] Counsel for Ansell explained that, at the time the trial court entered the summary judgment in favor of Ansell, it appeared that Locke's breach-of-implied-warranty claim was "subsumed" by her claim asserted under the Alabama Extended Manufacturer's Liability Doctrine ("the AEMLD"), which has a two-year statute of limitations. However, our recent decisions inSpain v. Brown Williamson Tobacco Corp., 872 So.2d 101 (Ala. 2003), and Tillman v. R.J. Reynolds Tobacco Co., 871 So.2d 28
(Ala. 2003), made clear that Locke's AEMLD claim was separate from her breach-of-implied-warranty claim.
[3] Although Chief Justice Nabers was not present at oral argument, he has listened to the audiotapes of oral argument.